IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FELICIA J. GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 02 C 4578 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Felicia J. Gardner, moves this Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend its order of June 29, 2004. Defendant, the Commissioner of the Social Security Administration ("Commissioner"), opposes Plaintiff's motion. After careful consideration of the parties' contentions, this Court denies Plaintiff's motion.

### I. Background

#### A. Procedural Background

On May 5, 1998, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging disability due to low back pain as of March 9, 1996. (R. at 16.) Plaintiff's application for benefits was denied initially and upon reconsideration. (R. at 16, 86, 94.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held before ALJ Bonny Barezky on October 19, 1999. (R. at 32-81.) At the hearing, Plaintiff, who was represented by

counsel, Dr. Robert Marquis (a psychiatrist), and Mary Jennings (Plaintiff's friend and caretaker) testified. (Id.) After the hearing, Plaintiff underwent an additional consultative psychological examination. (R. at 271-81.) Dr. Marquis reviewed the report of that examination and offered additional comments regarding Plaintiff's condition. (R. at 287-89.) Plaintiff responded to the additional comments before the ALJ issued her decision. (R. at 290-91.) On March 31, 2000, the ALJ rendered her decision and found Plaintiff not disabled because she could perform a significant number of jobs in the national economy. (R. at 16-31.) Plaintiff filed a timely appeal, but the Appeals Council denied her request for review. (R. at 6-7.)

Plaintiff commenced a civil action before this Court pursuant to 42 U.S.C. § 405(g), seeking reversal or remand of the ALJ's denial of her claim for disability benefits. Plaintiff alleged multiple grounds for reversal or remand in her motion for summary judgment. First, Plaintiff argued that the ALJ erred by failing to solicit testimony from a vocational expert ("VE") at the hearing. Second, Plaintiff argued that medical evidence does not support a finding that Plaintiff is able to perform unskilled medium work. Next, Plaintiff argued that the ALJ erred by not providing a Mental Residual Functional Capacity Assessment. Finally, Plaintiff argued that the ALJ committed legal error by depriving Plaintiff the opportunity to cross-examine the author of adverse post-hearing evidence. On June 29, 2004, this Court upheld the Commissioner's denial of benefits. *See Gardner v. Barnhart*, No. 02 C 4578, 2004 WL 1470244, at *21 (N.D. Ill. June 29, 2004).

Plaintiff now asks this Court to reconsider its order of June 29, 2004. Plaintiff contends that this Court failed to consider whether the ALJ properly considered Plaintiff's nonexertional limitations. (Pl.'s Br. at 10.)

## B. Factual Background

A detailed statement of facts is set forth in this Court's previous opinion and will not be repeated here. This opinion assumes the reader's familiarity with all relevant testimony, including that of Plaintiff, the consultative psychologists, medical experts, and Mary Jennings; Plaintiff's background and work experience; Plaintiff's medical treatment; and the ALJ's decision and rationale for denying Plaintiff's claim for benefits. *See Gardner*, 2004 WL 1470244, at *1-21.

## II. Discussion

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion is properly granted if there has been a mistake of law or fact. *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th Cir. 1992). The rule allows the district court to "correct is own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A Rule 59(e) motion to reconsider does not give a disappointed party the opportunity to rehash the same arguments that it raised earlier or to present new arguments. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). The motion for reconsideration is appropriate when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

In Social Security disability benefits cases, this Court determines whether the record as a whole contains substantial evidence to support the ALJ's final decision and whether the ALJ committed an error of law. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) ("*Young*"). Evidence is considered substantial if a reasonable person would accept it as adequate to support the ALJ's conclusion. *Id.* Substantial evidence is more than a mere scintilla of evidence, but it may be something less than the preponderance of the evidence. *See Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). Furthermore, if reasonable minds could disagree on whether Plaintiff is disabled, this Court will affirm the ALJ's decision. *See Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). It is improper for this Court to reweigh evidence, decide facts anew, or substitute our judgment for that of the ALJ's. *Young*, 362 F.3d at 1001. This Court should not, however, act as an "uncritical rubber stamp." *Bauzo v. Bowen*, 803 F.2d 917, 923 (7th Cir. 1986). Rather, we examine the evidence favoring a finding of a disability as well as rejection of a disability and consider whatever in the record "fairly detracts" from the weight given to each. *Id.*

### A. Plaintiff's Motion Was Timely Filed.

Plaintiff's 59(e) motion was timely filed. Plaintiff needed to file her motion within ten days (not including weekends or holidays) of the entry of judgment. Fed. R. Civ. P. 59(e). This case was decided on June 29, 2004. Thus, Plaintiff had ten business days beginning on June 29, 2004, in which to file her motion. Plaintiff filed her motion on July 13, 2004, the tenth business day.

## B. Plaintiff's Complaints Were Addressed in Our Original Decision.

The Court carefully reviewed Plaintiff's grievances in our previous decision and determined that the ALJ was not required to consult a VE before finding Plaintiff not disabled. Because the Court finds that Plaintiff's grievances were properly considered and decided in the previous decision, the Court denies Plaintiff's 59(e) motion to alter or amend the previous decision.

In our original decision, this Court upheld the ALJ's decision to use the Medical Vocational Guidelines (Grids) to find Plaintiff not disabled and, in so doing, we refused to create a rule that any time a claimant is rated as "often" exhibiting deficiencies of concentration, persistence or pace a VE must be consulted. Plaintiff argues that *Myles v. Apfel*, No. 95 C 3929, 1998 WL 473940 (N.D. Ill. Aug. 3, 1998) ("*Apfel*"), does not support this Court's decision because numerous cases in this district, including *Myles v. Chater*, No. 95 C 3929, 1997 WL 189290 (N.D. Ill. Apr. 14, 1997) (hereinafter "*Myles II*," the underlying case in *Apfel*), support the use of VE testimony where an ALJ finds a plaintiff suffers "often" deficiencies of concentration. (Pl.'s Br. at 2.) Plaintiff next argues that the Commissioner's regulations do not support the Court's decision because this is a complex case. (Pl.'s Br. at 3.) Finally, Plaintiff claims that "often" deficiencies of concentration equates to an inability to concentrate on job tasks fifty percent of the time and necessitates VE consultation. (Id.)

### 1. Myles v. Apfel supports the Court's original decision.

Plaintiff challenges the Court's reliance on *Apfel* because that holding dealt with an attorney's motion for fees under the Equal Access to Justice Act, while Judge Pallmeyer reversed

and remanded an ALJ who failed to consult a VE in the underlying case, *Myles II*. (Pl.'s Br. at 2.) Plaintiff argues that, under *Myles II*, the ALJ must consult a VE where "often" deficiencies of concentration are found. (Id.) In the alternative, Plaintiff claims that *Myles II* requires the ALJ to explicitly state that her decision accommodates Plaintiff's "often" deficiencies of concentration before a logical bridge between the evidence and the ALJ's decision can exist. (Pl.'s Br. at 4.)

As an initial matter, the Court did not err or misinterpret the law when we cited to *Apfel* (instead of *Myles II*) for the proposition that "often" deficiencies of concentration does not equate to a "severe" limitation. *Gardner*, 2004 WL 1470244, at *8. In both opinions, Judge Pallmeyer found that "'often' does not necessarily mean 'severe,' especially where the [Psychiatric Review Technique Form ("PRTF")] listed two additional and more serious possible classifications for Plaintiff's condition ('frequent' and 'constant')." *Myles II*, 1997 WL 189290, at *3. *See also Apfel*, 1998 WL 473940, at *3-4. Furthermore, both opinions acknowledged that several cases in this district support using a VE where the claimant suffers "often" deficiencies of concentration but that VE consultation in such circumstances is not mandatory. *Apfel*, 1998 WL 473940, at *3; *Myles II*, 1997 WL 189290, at *3 (Plaintiff must demonstrate severe impairments to warrant the assistance of a VE). This Court agreed with the *Apfel* and *Myles II* holdings and upheld the ALJ's decision not to consult a VE in this case. *Gardner*, 2004 WL 1470244, at *8.

The remand of *Myles v. Chater*, No. 95 C 3929, 1996 WL 467250 (N.D. Ill. Aug. 13, 1996) ("*Myles I*") after reconsideration in *Myles II* does not mean VE consultation was required in this case. In *Myles I*, the ALJ adopted the medical expert's ("ME") conclusion that the plaintiff's substance abuse and personality disorder often produced deficiencies in concentration but was not severe enough to meet or equal the listings and did not prevent the plaintiff from

working. *Myles I*, 1996 WL 467250, at *6. Finding no severe impairment, the ALJ concluded that the plaintiff could perform sedentary work. *Id.* at *6-7. On reconsideration in *Myles II*, the court found it "significant" that the ALJ adopted the ME's opinion "in the context of discussing the effects of [the plaintiff's] drug use on his work capacity." *Myles II*, 1997 WL 189290, at *4. As a result, the court could not determine whether the ALJ's "not severe" conclusion applied to any and all of the plaintiff's attention problems or only in the context of the plaintiff's substance abuse. *Id.* Because the ALJ neither explained the basis for the plaintiff's lapses in concentration nor incorporated accommodations for the lapses into his disability determination, the court could not determine whether the ALJ fully considered Plaintiff's mental impairments and remanded the case for further clarification. *Id.*

In this case, the ALJ explained the basis for Plaintiff's lapses in concentration and there is no need for further clarification. As discussed in our original decision, the ALJ relied on substantial evidence in the record and concluded that Plaintiff's nonexertional impairments include affective disorders and personality disorders, (R. at 19-21, 24, 26, 29), namely mild depression and mild personality disorder. *Gardner*, 2004 WL 1470244, at *8-9. The ALJ then considered what limitations resulted from these impairments and found "often" deficiencies of concentration, persistence or pace with some qualifications. (R. at 18, 30.) Unlike *Myles I*, the ALJ's findings in this case are based on medical evidence and testimony that deal explicitly with Plaintiff's claims of nonexertional impairment. *Gardner*, 2004 WL 1470244, at *8-9. Accordingly, there is no confusion as to the basis for Plaintiff's lapses nor the ALJ's conclusion that Plaintiff suffers no severe nonexertional impairments.

The existence of a logical bridge depends on this Court's ability to trace the reasoning from substantial evidence to the ALJ's findings, *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001), not on a hard and fast rule that ALJs explicitly describe how their decisions accommodate claimants' every limitation. In *Myles II*, an explicit statement regarding accommodations for the plaintiff's lapses would have shed light on the ALJ's findings, i.e., whether, and to what extent, the ALJ considered the plaintiff's deficiencies of concentration outside of the substance abuse context. As stated above, there is no confusion as to the basis of the ALJ's decision in this case. In this case, the ALJ generated Plaintiff's qualified "often" deficiencies of concentration limitation.[1] Then, relying on substantial evidence, the ALJ determined Plaintiff's RFC and reached the conclusion that Plaintiff can perform simple, unskilled medium work despite her limitations. (R. at 22.) This conclusion was supported by substantial evidence in the record, *Gardner*, 2004 WL 1470244, at *8-9, and especially by Drs. Marquis and Long, both of whom assessed Plaintiff's nonexertional impairments. (R. at 19-21.)

Plaintiff argues that the ALJ's decision lacks a logical bridge because the "often" deficiencies of concentration limitation is not addressed by Dr. Long or Dr. Marquis and the ALJ never explains what accommodations she made for this grave limitation. (Pl.'s Reply at 2-3.) The Court disagrees. As discussed in our original opinion, the ALJ's decision qualifies the "often" deficiencies of concentration limitation with evidence of Plaintiff's ability to concentrate. *Gardner*, 2004 WL 1470244, at *9. More importantly, in our original opinion we described how substantial evidence (1) showed Plaintiff's nonexertional impairments were not severe, (2)

---

[1] Compare to *Myles I*, where the ME considering the plaintiff's substance abuse problems made the "often" deficiencies of concentration finding. *Myles I*, 1996 WL 467250, at *6.

supported Plaintiff's RFC, and (3) supported the ALJ's decision to rely on Plaintiff's RFC and Drs. Long and Marquis' reports and evaluations to conclude that Plaintiff can perform simple, unskilled tasks. *Id.* at *8-10. Thus, the ALJ considered Plaintiff's nonexertional impairments and the resulting limitations in making her decision and the Court continues to find a logical bridge between the substantial evidence and the findings in this case. *Id.* at *7-9. *See also Walker v. Bowen*, 834 F.2d 635, 641 (7th Cir. 1987); *Warmoth v. Bowen*, 798 F.2d 1109, 1112 (7th Cir. 1986) (Upholding the ALJ's use of the grids in a given case requires only "that there be reliable evidence of some kind that would persuade a reasonable person that the limitations in question do not significantly diminish the employment opportunities otherwise available."); *Zalewski v. Heckler*, 760 F.2d 160, 167 (7th Cir. 1985) (ALJ must present a thorough and complete picture of the evidence).

2. The Commissioner's Regulations do not require VE consultation.

Plaintiff argues that use of a VE where a claimant suffers from nonexertional limitations finds approval in the Commissioner's own policy interpretations. Specifically, Plaintiff argues that Social Security Ruling ("SSR") 96-9p advises adjudicators to consult a vocational resource when a claimant has been found to have a limited ability in one or more of the following basic work activities: (1) understanding, remembering, and carrying out simple instructions; (2) making judgments that are commensurate with the functions of unskilled work; (3) responding appropriately to supervision, co-workers and usual work situations; and (4) dealing with changes in a routine work setting. (Pl.'s Br. at 3.) Additionally, in SSR 83-14, the Commissioner advises

ALJs to use VEs in complex cases. (Id.) Plaintiff argues that, under SSR 96-9p and SSR 83-14, VE testimony was necessary in this case because the ALJ found that Plaintiff needs more than ordinary supervision. (Id.)

SSR 96-9p states that vocational resources "may be useful" when a claimant has limited ability in one or more of the basic work activities listed above. SSR 96-9p. "May be useful" is the same permissive language the Court considered in our original opinion and does not require an ALJ to consult a VE. *See Gardner*, 2004 WL 1470244, at *8 (discussing permissive language of 20 C.F.R. § 404.1566(e) (the ALJ "will decide whether to use a vocational expert or other specialist") and SSR 83-14 (use of vocational resources "may be helpful")). Accordingly, the Court continues to hold that where, as here, Plaintiff's limitations are not severe, it is within the ALJ's discretion to decide whether to consult a VE. *See id.* Next, Plaintiff erroneously claims that her case fits squarely within SSR 96-9p and SSR 83-14 because "the ALJ adopted the consultative examiner's ("CE") opinion that [Plaintiff] would need more than ordinary supervision." (Pl.'s Br. at 3.) The ALJ gives the CE's opinion great weight, (R. at 21), but explicitly concludes that Plaintiff requires "no supervision beyond what is normal in the workplace . . . ." (R. at 21.) Thus, in cases like ours, the Commissioner accepts, but does not require, VE consultation. *See Gardner*, 2004 WL 1470244, at *8.

### 3. The ALJ was not required to consult the fourteen factors set out in POMS.

Plaintiff argues that the ALJ should have consulted the fourteen factors enumerated in the Social Security Program Operations Manual System ("POMS") publication DI 25020.0101,

under Section B.3, in order to more thoroughly explore Plaintiff's impairments and limitations. (Pl.'s Reply at 4.) Plaintiff suggests that consulting an expanded list of factors is necessary because, in addition to her deficiencies of concentration, Plaintiff is emotionally fragile and requires extra supervision. (Id.) As discussed above and in our original opinion, the ALJ adequately articulated her reasoning and findings in her decision, so the Court rejects Plaintiff's claim that the ALJ should more thoroughly discuss Plaintiff's mental ability to perform unskilled work. Furthermore, as discussed above and in our original opinion, the ALJ both qualified her "often" deficiencies of concentration limitation and found that Plaintiff does not require any extra supervision. (R. at 18, 21.) Accordingly, the Court rejects Plaintiff's claim that a more thorough mental evaluation was required.

4. <u>The Court refuses to create a rule that any time a claimant is rated as "often" exhibiting deficiencies of concentration, persistence or pace a VE must be consulted.</u>

Plaintiff argues that VE consultation is necessary in this case because "often" deficiencies of concentration equates to an inability to concentrate or stick to job tasks fifty percent of the time. (Pl.'s Br. at 3-4.) In *Bankston v. Comm'r of Soc. Sec.*, 127 F. Supp. 2d 820, 825-27 (E.D. Mich. 2000), a district court in Michigan equated a finding of "often" deficiencies in concentration to an inability to concentrate fifty percent of the time because there are two less severe options on the PRTF form and two more severe options. *Id.* at 826. That court considered an inability to concentrate fifty percent of the time sufficiently close to a severe limitation to require VE consultation. *Id.* at 827.

In our decision, this Court explicitly rejected the argument that VE testimony was required any time a claimant is rated as "often" exhibiting deficiencies of concentration, persistence or pace. *Gardner*, 2004 WL 1470244, at *8-9. Using *Bankston* for support, Plaintiff again advances a rule that would make VE consultation mandatory when deficiencies of concentration occur "often." This Court is not bound by *Bankston, see Hoffman v. Barnhart*, No. 02 C 8187, 2005 WL 66049, at *19 (N.D. Ill. Jan. 12, 2005) (courts in the Northern District of Illinois are not bound by *Bankston*) (Pallmeyer, J.), and we again reject Plaintiff's argument. *See Gardner*, 2004 WL 1470244, at *8-9; *Apfel*, 1998 WL 473940, at *3; *Myles II*, 1997 WL 189290, at *3. Accordingly, the ALJ need not reexamine her conclusion that Plaintiff can perform simple, unskilled medium work to determine if lapses in concentration occurring up to fifty percent of the time were taken into account.

5.  The Court is not persuaded by cases in which VEs were consulted.

Plaintiff repeatedly cites to cases in which ALJs consulted VEs to argue that: (1) many courts in this district consult VEs even where claimants' nonexertional impairments are not severe, and (2) "often" deficiencies of concentration is a significant limitation that should be evaluated by a VE. *See, e.g., Ramirez v. Barnhart*, 372 F.3d 546 (3d Cir. 2004); *Kasarsky v. Barnhart*, 335 F.3d 539 (7th Cir. 2003); *Wayland v. Chater*, No. 95 C 7059, 1996 WL 50459 (10th Cir. 1996) (unpublished opinion). The Court is not persuaded by these cases. First, as discussed in our original opinion, the fact that some ALJs exercise their discretion and chose to consult VEs even when they are not required to do so does not mean that an ALJ faced with

similar circumstances errs when she chooses not to consult a VE. *Gardner*, 2004 WL 1470244, at *8. Second, where an ALJ chooses to consult a VE, VE testimony is only reliable if the hypotheticals posed to the VE include all of the claimant's limitations. *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002); *Cass v. Shalala*, 8 F.3d 552, 555-56 (7th Cir. 1993). This rule exists to ensure that the VE does not refer to jobs the claimant cannot work because the VE did not know the full range of the claimant's limitations. *Steele*, 290 F.3d at 942. This is an important rule, the violation of which often results in remand. *See Young*, 362 F.3d at 1004-05; *Kasarsky*, 335 F.3d at 544 (remanded for failure to include "frequent" deficiencies of concentration in hypothetical posed to VE). As discussed in our original decision, remand in such a case does not indicate that the ALJ was obligated to consult a VE in the first place. *Gardner*, 2004 WL 1470244, at *8. *See also Myles II*, 1997 WL 189290, at *3. Finally, to the extent these cases are intended simply to demonstrate the severity of the "often" deficiencies of concentration limitation, the Court has already addressed the issue above and in our original decision.

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's Rule 59(e) motion to alter or amend judgment.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: February 11, 2005.

Copies have been mailed to:

| | |
|---|---|
| FREDERICK J. DALEY, JR., Esq. | MR. EDWARD J. KRISTOF |
| Daley, DeBofsky & Bryant | Special Assistant United States Attorney |
| 1 North LaSalle Street | 200 West Adams Street |
| Suite 3800 | 30th Floor |
| Chicago, IL 60602 | Chicago, IL 60606 |
| | |
| Attorneys for Plaintiff | Attorney for Defendant |